UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No.: ) |
| DAVID STANLEY CONSULTANTS LLC, a West Virginia LLC; THE AMERICAN COAL COMPANY, a Delaware corporation; JAIME SHAW, as the Administrator of the Estate of Robert Eric Clark, an individual; GRANITE STATE INSURANCE COMPANY, an Illinois corporation; COMMERCE AND INDUSTRY INSURANCE COMPANY, a New York corporation; TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation; and NEW HAMPSHIRE INSURANCE COMPANY, an Illinois corporation | ) **Jury Trial Requested** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY RELIEF

Comes Now Plaintiff, JAMES RIVER Insurance Company, by and through its attorney, Matthew J. Hafey, for its Complaint for Declaratory Judgment, respectfully states as follows:

### INTRODUCTION

1.  This is an action for declaratory judgment, brought pursuant to the Declaratory Judgment act, 28 U.S.C. §§ 2201 *et seq.*, to determine and resolve questions of actual controversy involving a commercial general liability policy, number 00052102-4, issued by JAMES RIVER Insurance Company ("JAMES RIVER") to David Stanley Consultants LLC ("DSC") for the period March 1, 2016 to March 1, 2017 (the "POLICY"). The American Coal Company ("TACC") claims to be an additional insured under the POLICY.

1

2. Specifically, the parties dispute whether JAMES RIVER owes a duty to defend or obligation to indemnify DSC under the POLICY with respect to a lawsuit captioned *Jaime Shaw, as Administrator of the Estate of Robert Eric Clark, Deceased v. The American Coal Company*, United States District Court, Southern District of Illinois Case No. 3:16-cv-01196 (the "UNDERLYING LAWSUIT").

3. The parties also dispute whether JAMES RIVER owes a duty to defend or obligation to indemnify TACC as a purported additional insured under the POLICY with respect to the UNDERLYING LAWSUIT.

4. JAMES RIVER seeks a declaration from this Court that it has no duty to defend or obligation to indemnify DSC or TACC under the POLICY because coverage for the UNDERLYING LAWSUIT is excluded by the Employer's Liability Exclusion. JAMES RIVER also seeks a declaration from this Court that it has no duty to defend or obligation to indemnify TACC as an additional insured for its own negligence.

## THE PARTIES

5. JAMES RIVER is an Ohio corporation with its principal office located in Richmond, Virginia.

6. David Stanley Consultants LLC ("DSC") is a West Virginia corporation with its principal place of business in Fairmont, West Virginia.

7. The American Coal Company ("TACC") is a Delaware corporation with its principal place of business in Galatia, Illinois.

8. Jaime Shaw ("SHAW") is a Citizen of the State of Illinois, and is the fully appointed, qualified and acting Administrator of the Estate of Robert Eric Clark, Deceased (the "Estate") by the Saline County Circuit Court.

9. Granite State Insurance Company ("GRANITE STATE") is an Illinois corporation with its principal office located in New York, New York;

10. Commerce and Industry Insurance Company ("C&I") is a New York corporation with its principal office located in New York, New York;

11. Twin City Fire Insurance Company ("TWIN CITY") is an Indiana corporation with its principal office located in Hartford, Connecticut;

12. New Hampshire Insurance Company ("NHIC") is an Illinois corporation with its principal office located in New York, New York.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs, and the parties are citizens of different states and complete diversity exists. The plaintiff in the Underlying Lawsuit alleges "Bodily injury" damages in excess of $75,000.

14. Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to this action occurred in Saline County, Illinois, within the Southern District of Illinois.

15. Venue is further proper in this Court pursuant to 28 U.S.C. § 1391, in that the claims asserted against DSC and TACC were filed and remain pending in this District.

16. This Complaint for Declaratory Relief is brought pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* An actual, justiciable controversy exists between DSC, TACC, Shaw and AIG that involves the rights and liabilities under a contract of insurance, and this controversy may be resolved by a judgment in this action without regard to other lawsuits.

## THE UNDERLYING LAWSUIT

17.     The UNDERLYING LAWSUIT is based on the death of Robert Clark ("Decedent"), which occurred on June 6, 2016 at TACC's New Era Mine.  At the time of his death, Decedent was allegedly employed by DSC, and was working for TACC at the New Era Mine pursuant to an Intermittent Work Contract between DSC and TACC, a true and correct copy of which is attached as **Exhibit A**.

18.     On information and belief, on or about June 6, 2016, while working underground at the New Era Mine, Decedent was allegedly operating an endloader (the "endloader") and noticed a leak of hydraulic fluid.  Decedent allegedly crawled under the endloader without blocking the equipment and while he was under it (along with the mine manager), the equipment dropped onto Decedent and the manager, trapping them for 20-40 minutes.  Decedent died from his injuries.

19.     SHAW, the administrator of Decedent's estate, sued TACC for wrongful death and other claims.  TACC removed the Underlying Action to federal court and later added Atlas Copco and DSC as Third Party Defendants.  (A copy of the complaint in the Underlying Action is attached as **Exhibit B**).

20.     GRANITE STATE, C&I, TWIN CITY and/or NHIC provided Employer's Liability insurance to DSC which potentially covers Decedent's injuries.  JAMES RIVER is informed and believes that GRANITE STATE, C&I, TWIN CITY and/or NHIC owe no duties to DSC unless the JAMES RIVER POLICY

21.     JAMES RIVER is presently defending TACC against the Underlying Action through counsel selected by TACC pursuant to a reservation of rights.  JAMES RIVER is also defending DSC against the UNDERLYING ACTION pursuant to a reservation of rights.  JAMES RIVER is informed and believes that GRANITE STATE is also providing a defense to

DSC against the UNDERLYING ACTION through separate counsel pursuant to a reservation of rights.

## THE JAMES RIVER POLICY

22. JAMES RIVER issued a Freedom Pack Policy Commercial General Liability insurance policy, number 00052102-4, to DSC for the period March 1, 2016 to March 1, 2017.

## COUNT I: DECLARATORY RELIEF

## JAMES RIVER HAS NO DUTY TO DEFEND OR INDEMNIFY DSC WITH RESPECT TO THE UNDERLYING LAWSUIT

23. JAMES RIVER repeats and realleges paragraphs 1 through 22 above as and for paragraph 23 of this Complaint for Declaratory Relief.

24. The POLICY provides that JAMES RIVER will have the right and duty to defend the insured against any "Suit" seeking damages because of "Bodily injury" caused by an "Occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

25. The POLICY also includes the following exclusion at Paragraph 2.e:

> **2. This insurance does not apply to:**
>
> * * *
>
> **e. Employer's Liability**
>
> **"Bodily injury" to:**
>
> **(1) An "employee" of the insured arising out of and in the course of:**
>
> **(a) Employment by the insured; or**
>
> **(b) Performing duties related to the conduct of the insured's business; or**
>
> **(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.**
>
> **This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.**
>
> **This exclusion does not apply to liability assumed by the insured under an "insured contract".**

5

26.     The POLICY defines "Insured contract" in part as

**f.      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.**

27.     JAMES RIVER contends that because Decedent was an employee of DSC, and because paragraph 15 of the Intermittent Work Contract expressly disclaims any indemnity obligation of DSC to indemnify TACC for TACC's own passive or active negligence, the Intermittent Work Contract does not qualify as an "Insured contract" because it does not "assume the tort liability of another party to pay for 'bodily injury' to a third person or organization." Therefore, the "Insured contract" exception to Exclusion 2.e does not apply and JAMES RIVER has no obligation to defend or indemnify DSC for the UNDERLYING LAWSUIT.

28.     A true and present controversy exists between JAMES RIVER, on the one hand, and DSC on the other, in that JAMES RIVER contends that it has no duty to defend DSC against the UNDERLYING LAWSUIT because any obligation owed by JAMES RIVER to DSC is precluded by Exclusion 2.e of the POLICY.  JAMES RIVER is informed and believes that DSC contends otherwise.

29.     JAMES RIVER is informed and believes and thereon alleges that the POLICY provides additional terms, conditions, exclusions and endorsements applicable to DSC.  JAMES RIVER reserves the right to amend its Complaint to apply such terms, conditions, exclusions and endorsements as additional facts are discovered.

30. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

31. Upon such determination, JAMES RIVER is entitled to withdraw from the defense of DSC in the UNDERLYING LAWSUIT.

## COUNT II: DECLARATORY RELIEF

## TACC HAS NO RIGHT TO BE INDEMNIFIED FOR ITS OWN NEGLIGENCE WITH RESPECT TO THE UNDERLYING LAWSUIT

32. JAMES RIVER repeats and realleges paragraphs 1 through 31 above as and for paragraph 32 of this Complaint for Declaratory Relief.

33. The POLICY was endorsed with Form FP5201 01-12 which adds coverage for Additional Insureds "when required by written contract or written agreement", as follows:

> Section II – Who Is An Insured is amended to include as an additional insured any person or organization you are required to include as an additional insured on this Policy by written contract or written agreement in effect during this "policy period" and executed prior to the "occurrence" of any "bodily injury" or, "property damage" but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by:
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf.
>
> Liability for the above acts or omissions includes the liability you have required to assume in a written contract or written agreement with an additional insured that is specifically related to "your work", provided that assumption of the additional insured's liability is permitted by law.

34. In the preamble of Form CG 0001 12-07, the commercial general liability coverage form, the words "you" and "your" refer to the Named Insured shown in the Declarations, *i.e.,* DSC.

35. TACC contends that the Intermittent Work Contract contains a provision requiring DSC's insurer to name TACC as an Additional Insured on DSC's Commercial General Liability insurance policy. However, the Intermittent Work Contract also provides that DSC has

7

no duty to indemnify TACC for TACC's own passive or active negligence in the event an employee of DSC suffers "Bodily injury." Additionally, the Additional Insured Endorsement on the JAMES RIVER POLICY only even potentially covers TACC for its vicarious liability for DSC's acts or omissions, and not for TACC's own passive or active negligence. Moreover, as explained below, even if TACC qualifies as an Additional Insured, it is still subject to the remaining terms, conditions, exclusions and endorsements of the POLICY.

36. A true and present controversy exists between JAMES RIVER, on the one hand, and TACC on the other, in that JAMES RIVER contends that it has no duty to indemnify TACC for its own passive or active negligence, but rather that, at most, JAMES RIVER has a duty to indemnify TACC for TACC's vicarious liability for DSC's acts or omissions. JAMES RIVER is informed and believes that TACC contends otherwise.

37. JAMES RIVER is informed and believes and thereon alleges that the POLICY provides additional terms, conditions, exclusions and endorsements applicable to TACC. JAMES RIVER reserves the right to amend its Complaint to apply such terms, conditions, exclusions and endorsements as additional facts are discovered.

38. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

/ / /

/ / /

/ / /

/ / /

## COUNT III: DECLARATORY RELIEF

### JAMES RIVER HAS NO DUTY TO DEFEND OR INDEMNIFY TACC WITH RESPECT TO THE UNDERLYING LAWSUIT

39. JAMES RIVER repeats and realleges paragraphs 1 through 38 above as and for paragraph 39 of this Complaint for Declaratory Relief.

40. The POLICY provides that JAMES RIVER will have the right and duty to defend the insured against any "Suit" seeking damages because of "Bodily injury" caused by an "occurrence," which is defined as an "accident."

41. JAMES RIVER contends that, at the time of his death, Decedent was an employee of both DSC and TACC. Because paragraph 15 of the Intermittent Work Contract expressly disclaims any indemnity obligation of DSC to indemnify TACC for TACC's own passive or active negligence with regard to "Bodily injury" to one of DSC's employees, the Intermittent Work Contract does not qualify as an "Insured contract" because it does not "assume the tort liability of another party to pay for 'bodily injury' to a third person or organization." Therefore, the "Insured contract" exception to Exclusion 2.e does not apply. Exclusion 2.e (which precludes coverage for "Bodily injury" to "an employee of the insured") precludes coverage for TACC because, at the time of his death, Decedent was "an employee" of TACC, who claims to be an Additional Insured ("the insured"). Therefore, JAMES RIVER has no obligation to defend or indemnify TACC for the UNDERLYING LAWSUIT.

42. A true and present controversy exists between JAMES RIVER, on the one hand, and TACC on the other, in that JAMES RIVER contends that it has no duty to defend TACC against the UNDERLYING LAWSUIT because any obligation owed by JAMES RIVER to TACC is precluded, in part, by Section 2.e of the POLICY. JAMES RIVER is informed and believes that TACC contends otherwise.

43. JAMES RIVER is informed and believes and thereon alleges that the POLICY provides additional terms, conditions, exclusions and endorsements applicable to TACC.

JAMES RIVER reserves the right to amend its Complaint to apply such terms, conditions, exclusions and endorsements as additional facts are discovered.

44. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

45. Upon such determination, JAMES RIVER is entitled to withdraw from the defense of TACC in the UNDERLYING LAWSUIT.

WHEREFORE, JAMES RIVER Insurance Company respectfully requests that this Court enter judgment in its favor and against DSC, TACC, Estate of Robert Clark, and AIG:

**ON THE FIRST COUNT FOR DECLARATORY RELIEF**

A. A judicial declaration that, pursuant to the terms of the POLICY, JAMES RIVER does not and never did have a duty to defend DSC with regard to the UNDERLYING LAWSUIT by application of the terms, conditions, exclusions and endorsements of the POLICY.

B. A judicial declaration that, pursuant to the terms of the POLICY, JAMES RIVER does not and never did have a duty to indemnify DSC with regard to the UNDERLYING LAWSUIT by application of the terms, conditions, exclusions and endorsements of the POLICY.

C. A judicial declaration that JAMES RIVER is entitled to withdraw from the defense of DSC in the UNDERLYING LAWSUIT.

**ON THE SECOND COUNT FOR DECLARATORY RELIEF**

D. A judicial declaration that, pursuant to the terms of the POLICY, JAMES RIVER does not and never did have a duty to indemnify TACC against its own active or passive negligence with regard to the UNDERLYING LAWSUIT.

**ON THE THIRD COUNT FOR DECLARATORY RELIEF**

  E. A judicial declaration that, pursuant to the terms of the POLICY, JAMES RIVER does not and never did have a duty to defend TACC with regard to the UNDERLYING LAWSUIT by application of the terms, conditions, exclusions and endorsements of the POLICY.

  F. A judicial declaration that, pursuant to the terms of the POLICY, JAMES RIVER does not and never did have a duty to indemnify TACC with regard to the UNDERLYING LAWSUIT by application of the terms, conditions, exclusions and endorsements of the POLICY.

  G. A judicial declaration that JAMES RIVER is entitled to withdraw from the defense of TACC in the UNDERLYING LAWSUIT.

**ON ALL COUNTS FOR DECLARATORY RELIEF**

  H. For interest and other recoverable costs.

  I. Awarding such other and further relief as the Court finds just and proper.

       **JAMES RIVER INSURANCE COMPANY**

       /S/ Matthew J. Hafey

By: _____
   Matthew J. Hafey
   **NEMECEK & COLE, a PC**
   *Attorneys for James River*
   *Insurance Company*
   [Pro Hac Vice Application Pending]

NEMECEK & COLE, a PC
16255 Ventura Boulevard, Suite 300
Encino, CA 91436
Tel. 818-788-9500
Fax 818-501-0328